# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**GREEN PET SHOP ENTERPRISES, LLC,**

    Plaintiff

Case No.: 17-cv-5435

v.

JURY DEMAND

**MAZE INNOVATIONS, INC.**

    Defendant.

## COMPLAINT FOR BREACH OF CONTRACT
## AND DECLATORY JUDGMENT

NOW COMES Green Pet Shop Enterprises, LLC. ("GPS"), by and through its attorneys, Carlson, Gaskey & Olds, P.C., and for its Complaint against Defendant Maze Innovations, Inc. ("Maze") states as follows.

1. GPS is an Illinois limited liability company with its principal place of business at 770 Lake-Cook Rd., Suite 120, Deerfield, Illinois 60015. GPS was created with the vision of manufacturing and bringing to market high quality, unique eco-friendly pet products.

2. Maze is a Missouri corporation having a principal place of business located at 4059 State Highway A, Montreal, Missouri 65591.

3. The amount in controversy is in excess of $75,000, exclusive of costs, interest, at attorney fees.

## JURISDICTION

4. This Court has jurisdiction of this action under 28 U.S.C. §1332(a)(1) as the parties are citizens of different states and the amounts in controversy are greater than $75,000.00.

## VENUE

5. Venue is proper in this judicial district because a substantial part of the events giving rise to the claim occurred in this judicial district. Specifically, this is a breach of contract action. The contract at issue is a settlement agreement that was signed by GPS within this judicial district and that arose out of a patent dispute that was assigned to and administered by a court within this judicial district.

6. Maze has consented to venue in this judicial district through the settlement agreement, where it agreed that this Court would decide any issue associated with the breach of the settlement agreement.

## COMMON ALLEGATIONS

7. GPS and Maze entered into a settlement agreement on March 14, 2017 ("Agreement"). [Exhibit A] This Agreement and the corresponding consent judgment ended a patent infringement dispute between the parties.

8. Among other things, the Agreement transferred from Maze to GPS all Maze assets that related to cooling pads. Here is the pertinent paragraph with highlighting added:

> In consideration of settlement of the Litigation, Maze hereby transfers and assigns to Green Pet Shop, all assets of Maze (other than the Excluded Assets, as defined below) that relate to cooling pads (the "Maze Assets"), free and clear of all liens, claims and encumbrances. The Maze Assets shall consist of all cooling pad assets, rights and claims of every nature, including, without limitation: (a) all inventory of cooling pads (whether in transit, at Maze's business location(s) or otherwise); (b) all cooling pad products ordered but not yet received into inventory; (c) all cooling pad-related equipment; (d) all of Maze's rights under unfulfilled purchase orders with vendors for cooling pads ("Vendor Purchase Orders"); (e) all outstanding orders from customers for cooling pads ("Customer Orders"), together with all rights to payments thereunder; (f) all accounts receivable for cooling pads; (g) all rights, in to and under Trademark Reg. No. 4,981,197 (the "Assigned Trademark"); and (h) all records concerning open purchase orders with customers and vendors related to cooling pads. To the extent that Maze has made a down payment on any cooling pads that have been ordered but not yet delivered, Green Pet Shop shall reimburse Maze for that down payment at such time as those cooling pads have been sold by Green Pet Shop.

9. One of the outstanding orders from customers referenced in subsection (e) for which payment was due to GPS was an order from Bed, Bath & Beyond ("BBB") made by BBB before the execution of the Agreement but that was to be fulfilled after the execution of the Agreement ("BBB Outstanding Order"). Before the execution of the Agreement, Maze had made a down payment of $9,618.04 on the BBB Outstanding Order.

3

10. The parties expected and understood that GPS would receive the payment from the BBB Outstanding Order because the ownership of the pads was transferred from Maze to GPS before the payment for these pads became due.

11. To ensure that Maze would be reimbursed for its down payment, GPS agreed to reimburse Maze for the down payment as part of the Agreement.

12. GPS paid the remainder of the production cost of the BBB Outstanding Order, in an amount far in excess of Maze's down payment.

13. After the execution of the Agreement, Maze and GPS learned that GPS would not be able to fulfill the BBB Outstanding Order within the time frame required by BBB for the pads because GPS did not yet have a vendor number registered with BBB.

14. Maze and GPS agreed that Maze, rather than GPS, would communicate with BBB about the Outstanding Order but that the pads would be shipped by GPS to BBB. BBB would have to pay Maze rather than GPS for the BBB Outstanding Order as GPS had not yet been assigned a vendor number by BBB. Payment for these pads received from BBB by Maze in connection to the BBB Outstanding Order would be conveyed to GPS, minus the $9,618.04 Maze down payment.

15. On information and belief, BBB has paid to Maze $60,000 in partial payment of the BBB Outstanding Order as of June 28, 2017. The remainder of the payment for that Order, $66,000.00, was expected to be sent shortly after June 28.

16. On information and belief, Maze has already received the remaining $66,000.00 in payment for the BBB Outstanding Order.

17. Of this $126,000.00, Maze was entitled to deduct $9,618.04, for a total to GPS of $116,381.96.

18. In addition, GPS agreed to reimburse Maze for the $200.00 cost of shipping labels.

19. This leaves a total of at least $116,181.96 due to GPS, depending on the final sums owed to GPS by BBB.

20. To date, Maze has only paid to GPS for the BBB Outstanding Order the sum of $19,431.92.

21. Consequently, Maze owes to GPS the sum of at least $96,750.04.

22. Moreover, Maze has not given to GPS all the records associated with the BBB Outstanding Order.

23. Although GPS has made repeated efforts to get the amount and records due from Maze, Maze has refused to make the required payment and to produce the required records.

## COUNT I – BREACH OF CONTRACT

24. GPS incorporates and re-alleges Paragraphs 1 through 23 as if each were fully set forth herein.

25. The Agreement between GPS and Maze is a valid contract.

26. Maze breached that contract by failing to pay the full amount of payment for the BBB Outstanding Order that was due to GPS.

27. Maze further breached that contract by failing to produce to GPS all records associated with the BBB Outstanding Order.

28. GPS has fulfilled its part of the Agreement.

29. GPS has been and continues to be damaged as a result of Maze's breaches.

## COUNT II – DECLARATORY JUDGMENT

30. GPS incorporates and re-alleges Paragraphs 1 through 29 as if each were fully set forth herein.

31. There is a controversy between the parties as to Maze's obligation to convey to GPS the amounts received from BBB in connection with the BBB Outstanding Order.

32. There is a controversy between the parties as to Maze's obligation to convey to GPS the records in connection with the BBB Outstanding Order.

33. Pursuant to Federal Rule of Civil Procedure 57, this Court has the power to issue a declaratory judgment determining the rights and obligations of the parties pursuant to the Agreement.

WHEREFORE, GPS requests that this Court enter judgment in its favor and against Maze in an amount in excess of $75,000.00 along with costs, interest,

attorneys' fees, and any other relief to which it is entitled and issue a declaratory judgment determining that Maze is liable to pay all amounts received from the BBB Outstanding Order minus $19,631.92 and to produce all records associated with the BBB Outstanding Order.

## JURY DEMAND

Pursuant to Fed R. Civ. P. 38(b) and 5(d), GPS demands a trial by jury for all issues so triable.

Dated: July 25, 2017

By: /s/ Grant Blumenthal
Grant Blumenthal (IL. No. 6238437)
Blumenthal Law Group, PC
180 N. LaSalle Street, Suite 3700
Chicago, Illinois 60601
T: (312) 981-5055
E: gblumenthal@blumenthal-law.com

Steven Susser (pro hac vice pending)
Carlson Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, Michigan 48009
T: (248) 988-8360
E: ssusser@cgolaw.com

*Attorneys for Plaintiff Green Pet Shop*